UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

MARIUM NASSER,

                                    Debtor.
------------------------------------------------------------x
MARIUM NASSER,

                        Plaintiff,

            v.

JP MORGAN CHASE BANK, N.A.,

                        Defendant.
------------------------------------------------------------x

Chapter 13

Case No. 17-40254-nhl

Adv. Pro. No. 17-01094-nhl

## **MEMORANDUM AND ORDER DISMISSING**
## **COMPLAINT PURSUANT TO RULE 12(B)(6)**

UPON the complaint (the "Complaint") of Mariam Nasser (the "Plaintiff"), against JP

Morgan Chase Bank, N.A., (the "Defendant"); and upon the motion to dismiss filed by the

Defendant (the "Motion to Dismiss"); and upon the record of the periodic hearings held from May

22, 2019 through August 26, 2020 (the "Hearings")[1]; and Kevin Butler (Counsel to Defendant),

Counsel to the Chapter 13 Trustee, Marium Nasser (Plaintiff/Debtor), Kamal Nasser (Plaintiff's

Spouse), and Language Line Interpreters having appeared at the Hearings[2]; and after due

deliberation and upon the entire record before the Court; it is

**ORDERED**, that for the reasons set forth in the Memorandum below, the Motion to

Dismiss is **GRANTED**, and the Complaint is hereby **DISMISSED** in its entirety.

---

[1]      The Court refrained from ruling on the Motion to Dismiss while the Plaintiff and Defendant attempted, albeit
unsuccessfully, to resolve their differences through the negotiation of a loan modification within this Court's Loss
Mitigation Program.

[2]      At the time this Complaint was filed and the Motion to Dismiss argued, the Plaintiff was represented by
counsel, Karamvir Dahiya. However, the Plaintiff has been appearing *pro se* since approximately November 2019.

**INTRODUCTION**

Plaintiff Mariam Nasser, a chapter 13 debtor, commenced an adversary proceeding (Adv. Pro. No. 17-01094-nhl, the "Adversary Proceeding") against JP Morgan Chase Bank, N.A., seeking (i) a declaratory judgment that the Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), (ii) a judgment enjoining the Defendant from committing future violations under RESPA, and (iii) a judgment awarding the Plaintiff actual and statutory damages pursuant to 12 U.S.C. § 2605(f). The Defendant filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") made applicable to this Court through Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7012. Adv. Pro. No. 17-01094, ECF No. 12.

**JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by Order dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The following are the Court's findings of fact and conclusions of law to the extent required by Rule 52, as made applicable by Bankruptcy Rule 7052.

**FACTS**

**I.      Loan Background and Foreclosure Action**

On April 3, 2006, the Plaintiff executed and delivered to the Defendant a note in the principal sum of $560,000, secured by a mortgage on the premises known as 40-45 72nd Street Woodside, New York 11377 (the "Property").[3] Def's MTD, Adv. Pro. No. 17-01175, ECF No. 12,

---

[3]      The Court takes judicial notice of the state court filings, decisions, and orders, many of which were attached to a motion to dismiss in a separate adversary proceeding. See Def's MTD, Adv. Pro. No. 17-01175-nhl, ECF 12.

Ex. E. On June 24, 2009, the loan documents were tendered and transferred to Chase Home Finance LLC. *Id.* The note and mortgage were subsequently transferred to U.S. Bank National Association as Trustee for Bank of America Funding Corporation 2006-6 ("U.S. Bank"). *Id.* The Defendant is currently the servicer of this loan.

In September 2013, U.S. Bank commenced a foreclosure action in New York State Supreme Court against the Plaintiff and her husband (the "Foreclosure Action"). *Id.* After the Plaintiff failed to respond, a default judgment was filed and recorded in favor of U.S. Bank on March 10, 2016, which ordered the appointment of a referee to ascertain and compute amounts due under the loan documents. Def's MTD, No. 17-01175, ECF No. 12, Ex F. U.S. Bank had not yet obtained a final judgment of foreclosure and sale when the automatic stay went into effect as a consequence of the Plaintiff's bankruptcy filing. *See* Hrg Tr. 5/22/19, 13:7-12.

## II.    Allegations

According to the Complaint, prior to the Foreclosure Action, the Plaintiff and Defendant were in a long-standing dispute over the administration of the Plaintiff's loan account and, specifically, whether loan payments were being properly credited. *See* Compl. ¶ 8. The Plaintiff further alleges that when her husband attempted to obtain information about the loan documents from the Defendant, there was a lack of transparency, which forced the Plaintiff's husband into psychological and financial distress. *Id.*

Unable to come to a resolution with the Defendant, on January 23, 2017, the Plaintiff filed the within petition. *See* Case No. 17-40254-nhl; Compl ¶ 9. Also on or about January 23, 2017, the Plaintiff, through counsel, allegedly sent the Defendant a qualified written request ("QWR") pursuant to RESPA, which sought information about past loan payments and a loan modification denial (the "January 23 Letter"). Compl. ¶ 10; Compl. Ex. A. The Defendant responded by letter

dated February 24, 2017, which the Plaintiff describes as a "barebones transaction sheet with information not in compliance with RESPA or [a] Qualified Written Request." Compl. ¶ 12; Def's MTD, ECF No. 12, Ex. C.

## DISCUSSION

### I.        12(b)(6) Standard

Under Rule 12(b)(6), made applicable by Bankruptcy Rule 7012, a plaintiff must plead sufficient facts that, when "accepted as true, [] state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must allege enough facts to "nudge[] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). For purposes of reviewing a motion to dismiss for failure to state a claim, the Court accepts factual allegations in a complaint as true and draws all reasonable inferences in favor of the non-movant. *Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007).

## II.    RESPA Violation

RESPA is a consumer protection statute that imposes strict deadlines upon mortgage servicers to respond to potentially detailed inquiries. *See* 12 U.S.C. § 2605(e).[4] A mortgage servicer's duties under RESPA are triggered if the servicer receives a QWR, which is defined as correspondence that identifies a borrower's account and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii); *see Roth v. CitiMortgage Inc.*, 756 F.3d 178, 181 (2d Cir. 2014). While not mandatory, RESPA's regulations allow servicers to establish a designated address for QWRs, which must be provided to the borrower by **written notice**. *See* 12 C.F.R. § 1024.36(b); *Castro v. Bank of N.Y. Mellon for CWalt Inc.*, 17-CV-4375 (JS) (GRB), 2018 WL 4158344, at \*4 (E.D.N.Y. Aug. 30, 2018).

Importantly, under Second Circuit law, if a servicer properly designates a QWR address, the borrower must send the QWR to that office*,* and "a letter sent to a different address is not a QWR, *even if an employee at that address  . . . responds to that letter.***"** *Roth*, 756 F.3d at 182 (emphasis added). Accordingly, a "[f]ailure to send the [request] to the designated address . . . does not trigger the servicer's duties under RESPA." *Id.* (alternations in original); *see Mack v. ResCap Borrower Claims Trust*, 678 Fed.Appx. 10, 14–15 (2d Cir. 2017) (internal citations omitted).

---

[4]    The Dodd–Frank Wall Street Reform and Consumer Protection Act ("Dodd–Frank") transferred rulemaking authority from the Secretary of the Department of Housing and Urban Development to the Consumer Financial Protection Bureau ("CFPB"). Pub. L. No. 111–203, § 1098, 124 Stat. 1376, 2104 (2010). As such, in 2014, the Secretary rescinded the version of Regulation X in issue. Removal of Regulations Transferred to the Consumer Financial Protection Bureau, 79 Fed. Reg. 34,224, 34,224–25 (June 16, 2014). The CFPB then promulgated a new version of Regulation X, which, like its predecessor, allows a servicer to designate a mailing address for QWRs. 12 C.F.R. §§ 1024.35(c), 1024.36(b); *see Bivens v. Bank of Am., N.A.*, 868 F.3d 915, 919 n.3 (11th Cir. 2017).

The Plaintiff alleges that the Defendant violated 12 U.S.C. §§ 2605(e)(1)(A) and (e)(2) by failing to timely provide (i) a response acknowledging receipt of the Plaintiff's QWR, and (ii) the information and documents requested. Compl. ¶¶ 13–14. The Defendant asserts that its RESPA duties were never triggered because the Plaintiff failed to send the alleged QWR to the designated address. Def's MTD, ECF No. 12, at 7–9.

This Court agrees with the Defendant and finds that the Plaintiff has failed to plausibly allege that the January 23 Letter was sent to the QWR designated address. *In re Residential Capital, LLC*, 533 B.R. 874, 879 (Bankr. S.D.N.Y. 2015) (finding that a party's RESPA duties were not triggered where the alleged QWR was not addressed to the designated address). The Defendant has provided sufficient documentation that it properly designated a QWR address at "Chase P.O. Box 183166, Columbus Ohio 43218-3166," and that this address was provided to the Plaintiff through written notice. Specifically, the Plaintiff received letters from the Defendant dated August 17, 2016, and December 20, 2016, which clearly state that QWRs must be sent to "Chase P.O. Box 183166, Columbus, OH 43218-3166."[5] Def's MTD, ECF No. 12, Ex. B.

However, the mailing address on the Plaintiff's alleged QWR is identified as "Chase, P.O. Box 183166, Glendale, CO 80246." Compl., Ex. A. Further, nowhere in the Complaint does the Plaintiff assert that the alleged QWR was sent to the designated address. Instead, the Plaintiff contends that the Defendant's lettered response to the alleged QWR waives the Defendant's argument that its duties under RESPA were not triggered. Pl's Opp., ECF 17, at p. 2. However, the Plaintiff's argument directly contradicts the Second Circuit's conclusion in *Roth*, which

---

[5]      The Court finds that it may consider the documents attached to the Motion to Dismiss without requiring a summary judgment motion. The documents attached are integral to the causes of action in the Complaint and "when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

specifically held that "a letter sent to a different address is not a QWR, *even if an employee at that address . . . responds to that letter.*" *Roth*, 756 F.3d at 182 (emphasis added).

The Plaintiff also raises an argument that her husband called the Defendant to obtain the QWR designated address and indicated that he was provided an incorrect address. Pl's Opp., ECF 17, at p. 2. The Court finds this argument unavailing, as a QWR designated address must be provided to a borrower by *written notice*. Accordingly, these oral communications do not weigh on the question of whether the Plaintiff received written notice of the information, which is the relevant inquiry under the statute. *See Castro*, 2018 WL 4158344, at *4. As described above, the Plaintiff received proper written notice of the QWR designated address. *See Roth*, 756 F.3d at 182–83 (finding notice of the QWR designated address sufficient where borrower received correspondence from servicer that stated the QWR designated address).

Accordingly, the Defendant's RESPA duties were not triggered and, as such, the Plaintiff has failed to state a claim for relief.

### III.    <u>Damages</u>

Even if the Plaintiff properly mailed a QWR to the Defendant's designated address, the Complaint would still be dismissed because the Plaintiff has not sufficiently alleged actual and statutory damages.

In order to find a party liable under § 2605(e), a plaintiff must demonstrate actual damages that "were proximately caused by the defendant's violation of RESPA." *Bonadio v. PHH Mortg. Corp.*, No. 12-CV-3421, 2014 WL 522784, at *6 (S.D.N.Y. Jan. 31, 2014) (internal quotations omitted); *Corazzini v. Litton Loan Servicing LLP*, No. 09–CV–199 (MAD)(ATB), 2010 WL 6787231, at *12 (N.D.N.Y. June 15, 2010) ("[T]he courts have consistently dismissed complaints under RESPA if they do not allege actual damages or state merely that in a conclusory fashion the

defendant caused damages to the plaintiff."). Thus, when the complaint involves a failure to respond to a QWR, it "must offer factual allegation[s] linking [the] alleged harms to [the] defendant's] failure to timely respond to [the] QWR[]." *Bonadio,* 2014 WL 522784, at *6 (internal quotations omitted) (certain alternations in original). Moreover, if a plaintiff is seeking statutory damages, he or she must provide evidence of "a pattern or practice of noncompliance with the requirements of § 2605". *Gorbaty v. Wells Fargo Bank, N.A*., No. 10-CV-3291, 2014 WL 4742509, at *8 (E.D.N.Y. Sept. 23, 2014).

The Plaintiff contends that as a result of the Defendant's lack of transparency and improper application of loan payments, the Plaintiff's husband experienced financial and psychological distress. Compl. ¶ 8. The Plaintiff also alleges that the Defendant engaged in a "pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA." *Id*. ¶ 16. The Defendant argues that the Plaintiff's allegations of damages are conclusory and unsupported. Def.'s MTD, ECF No. 12, at 10.

The Court agrees with the Defendant. The Plaintiff has not provided any facts that she was damaged by the Defendant's alleged RESPA violations. *See Bonadio*, 2014 WL 522784, at *6 (dismissing RESPA claim where plaintiff did not allege that the "time spent and inconvenience" and "emotional distress and mental anguish" were specifically caused by the defendant's RESPA violation); *Jackson v. Caliber Home Loans*, 18-cv-4282 (NG)(CLP), 2019 WL 3426240, a *8 (E.D.N.Y. July 30, 2019). The only allegations made are conclusory statements that the Plaintiff's husband, who is not a party to this Complaint, suffered "financially and psychologically." Thus, there is no evidence that the Plaintiff suffered damages that were proximately caused by the Defendant's alleged RESPA violation. *See Bonadio*, 2014 WL 522784, at *6.

Statutory damages are wholly inappropriate because the Plaintiff has presented no evidence of a pattern or practice of non-compliance by the Defendant. The Plaintiff has asserted one RESPA violation with respect to one alleged QWR, which does not support a conclusion that the Defendant engaged in a "pattern or practice" of non-compliance. *See Roth v. CitiMortgage*, No. 12–CV–2446 (SJF)(WDW), 2013 WL 5205775, at *8 (E.D.N.Y. Sept. 11, 2013) (two alleged violations of RESPA were insufficient to establish "a pattern or practice" under § 2605(f)(1)(B)); *Jackson*, 2019 WL 3426240, at *9 (same).

The Court need not analyze whether the Defendant's response to the Plaintiff's January 23 Letter satisfied the requirements under RESPA because the Defendant's RESPA duties were not triggered and, even if they were triggered, the Plaintiff has not plausibly alleged actual or statutory damages.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss is **GRANTED**, and the Plaintiff's Complaint is **DISMISSED** in its entirety.

**Dated: October 8, 2020**
**Brooklyn, New York**

**Nancy Hershey Lord**
**United States Bankruptcy Judge**

9